



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 21, 2023**

**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-42712-MXM-11 |
| METROPLEX RECOVERY, LLC | § | |
| | § | Chapter 11 |
| Debtor. | § | |

## INTERIM ORDER FOR USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND PROVIDING ADEQUATE PROTECTION AND GRANTING LIENS AND SECURITY INTERESTS

Upon consideration of the Emergency Motion for Use of Cash Collateral (the Motion) pursuant to Sections 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the Bankruptcy Code) and Federal Rule of Bankruptcy Procedure 4001, filed by Metroplex Recovery, LLC (Debtor), subject to the terms and conditions set forth herein, including the (i) grant of mortgages, security interests, liens and claims for the benefit of US Dept of Treasury SBA, Legend Advanced Funding II, LLC, National Funding, Wide Merchant Capital (the Secured Lenders), Post-petition which are co-extensive with its Pre-petition liens (to the extent of such liens, if any) and (ii) grant of mortgages, security interests, liens and claims in order to

provide adequate protection to the Secured Lender as more fully set forth herein, and upon the proceedings held before this Court and good and sufficient cause appearing therefore,

THE COURT HEREBY FINDS:

A.  On September 7, 2023, (the Petition Date), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been appointed.

B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business. Without such funds, the Debtor will not be able to pay its direct operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtors estate. At this time, the Debtors ability to use Cash Collateral is vital to the confidence of the Debtors employees, vendors and suppliers of the goods and services, to the customers and to the preservation and maintenance of the going concern value of the Debtors estate.

D.  Secured Lender may claim that substantially all of the Debtors assets are subject to the Prepetition Liens of the Secured Lender including liens on cash and accounts relevant to this Motion.

E.  The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein to allow the Debtor to obtain the use of Cash Collateral financing is necessary to avoid immediate and irreparable harm to the Debtor.

**INTERIM ORDER ON EMERGENCY MOTION FOR USE OF CASH COLLATERAL - Page 2 of 6**

This Court concludes that entry of this Order is in the Debtors best interest and its estate and creditors as its implementation will, among other things, allow for the continued operation and rehabilitation of the Debtors existing business.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Debtor be, and hereby is, authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the protections and consideration described in this Order in the amounts and for the expenses set forth on the monthly budget attached hereto plus 15% per line item and 15% overall. The Debtor, without the prior written approval of the Secured Lender, should not incur expenses for any line item for an amount that exceeds the lesser of the amount for such line item in the budget plus 15% per line item and 15% overall and the actual expenditure for such line item. The Debtor is authorized to collect and receive all cash funds. The Debtor shall account each month to the Secured Lender for all funds received. For purposes of this Order, proceeds of any of the Secured Lenders collateral shall mean Proceeds (as defined in the Uniform Commercial Code) of such collateral security for all Cash Collateral permitted to be used hereunder by the Debtor. The Secured Lender is hereby granted valid, binding, enforceable, and perfected liens (the Post-petition Liens) co-extensive with the Secured Lenders pre-petition liens in all currently owned or hereafter acquired property and assets of the Debtor, of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising and all proceeds and products, including, without limitation, all accounts receivable, general intangibles, inventory, and deposit accounts coextensive with its pre-petition liens. Nothing herein shall grant a lien on, interest in or claim on Chapter 5 causes of action. Nothing herein shall prime the liens of the taxing authorities. The Debtor is permitted to pay Subchapter V Trustee fees incurred during this case, including any amount required as a post-petition security deposit.

**INTERIM ORDER ON EMERGENCY MOTION FOR USE OF CASH COLLATERAL - Page 3 of 6**

IT IS FURTHER ORDERED that as adequate protection for the diminution in value of the interests of the Secured Lender, the Secured Lender is hereby granted replacement liens and security interests, in accordance with Bankruptcy Code Sections 361, 363, 364(c)(2), 364(e), and 552, co-extensive with their pre-petition liens.

IT IS FURTHER ORDERED that the replacement liens granted to the Secured Lender in this Order are automatically perfected without the need for filing of a UCC-1 financing statement with the Secretary of States Office or any other such act of perfection.

IT IS FURTHER ORDERED that all cash accounts of Debtor and all accounts receivable collections by Debtor post-petition shall be deposited in a separate cash collateral account, being Debtors debtor-in-possession accounts.

IT IS FURTHER ORDERED that the use of cash collateral shall extend to a final hearing on the Motion.

IT IS FURTHER ORDERED that from and after the Petition Date, the proceeds of the Pre-petition Collateral and the Post-petition Collateral shall not, directly or indirectly, be used to pay expenses of the Debtor or otherwise disbursed except for those expenses and/or disbursements that are expressly permitted herein and as shown on the Debtors Budget attached hereto as Exhibit 1 plus 15% per line item and 15% overall.  During the pendency of this order, the Debtor will maintain insurance on the Secured Lenders collateral and pay taxes when due. The automatic stay under Section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit the Secured Lender to receive, collect and apply payments and proceeds in respect of the Pre-petition Collateral and Post-petition Collateral in accordance with the terms and provisions of this Order.  The Debtor shall execute and deliver to the Secured Lender all such agreements, financing statements, instruments and other documents as the Secured Lender may reasonably request to evidence, confirm, validate or perfect the liens

**INTERIM ORDER ON EMERGENCY MOTION FOR USE OF CASH COLLATERAL - Page 4 of 6**

granted pursuant hereto. The Debtor shall deliver a copy of its Monthly Operating Report to the Secured Lenders counsel by the 21st day of each month for the prior month.

IT IS FURTHER ORDERED that Debtor shall make monthly adequate protection payments to the United States Department of Treasury - Small Business Administration in the amount of $9,000.00 per month until confirmation or until the Court orders a different amount to be paid.

IT IS FURTHER ORDERED that notwithstanding any other provisions of this Order, any agreements approved hereby, any statutory liens (collectively, the Tax Liens) held by Tarrant County or any other *ad valorem* tax authority (the Taxing Authorities) for prepetition and postpetition taxes shall not be primed nor made subordinate to any liens granted to any party hereby to the extent such Tax Liens are valid, senior, perfected, and unavoidable, and all parties rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Taxing Authorities are fully preserved.

IT IS FURTHER ORDERED that the provisions of this Order shall be binding upon and inure to the benefit of the Secured Lender and the Debtor. However, nothing herein shall prevent the Secured Lender from seeking any form of relief under the Bankruptcy Code. The Debtor shall, within three business days of entry of this Order, serve by U. S. mail, first class postage prepaid, copies of the Motion, this Order, the proposed Final Order and a notice of the hearing (the Final Hearing Notice) to be held on ***October 4, 2023 at 3:00 p.m.*** before the Honorable Mark X. Mullin, United States Bankruptcy Court, 501 W. 10th Street, Room 128, Fort Worth, Texas 76102 to consider entry of the proposed Final Order on, (a) the Office of the U. S. Trustee; (b) counsel to US Dept of Treasury SBA; (c) all creditors in this case on the Matrix and (d) all parties requesting notice in this case. Parties may appear in person or via WebEx Video Conference. The WebEx link can be accessed here: https://us-courts.webex.com/meet/mullin.

**INTERIM ORDER ON EMERGENCY MOTION FOR USE OF CASH COLLATERAL - Page 5 of 6**

To appear telephonically, parties must dial 1-650-479-3207 and use Meeting ID: 474 603 746. Copies of the Motion, this Order, the proposed Final Order and the Final Hearing Notice shall be served upon all persons requesting service of papers pursuant to Bankruptcy Rule 2002 by U. S. mail, first class postage prepaid, within one business day following the receipt of such request. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections no later than 4:00 p.m., October 2, 2023, which objections shall be served so that the same are received on or before such date by Jim Morrison, Lee Law Firm, PLLC, 8701 Bedford Euless Rd, Ste 510, Hurst, TX 76053.

# # # END OF ORDER # # #

Submitted by:

Jim Morrison
State Bar No. 14519050
ECF@LeeLawTX.com
LEE LAW FIRM, PLLC
8701 Bedford Euless Rd, Ste 510
Hurst, TX 76053
Telephone: 469-646-8995
Facsimile: 469-694-1059
Proposed Attorneys for Debtor