United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Elizabeth Ziegler Young
for the United States Trustee
elizabeth.a.young@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| Metroplex Recovery, LLC, | § | Case No. | 23-42712-MXM-11 |
| | § | | |
| | § | | |
| Debtor-in-Possession. | § | | |

**United States Trustee's Objection to Debtor's Application to Employ Counsel**

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

The United States Trustee for Region 6 objects to Debtor's Application to Employ Counsel ("Application") [docket no. 4] and would respectfully represent as follows:

**Summary**

Debtor seeks to employ Jim Morrison of the Lee Law Firm ("Applicant") under 11 U.S.C. § 327(a). The United States Trustee objects to employment because

- Applicant failed to disclose his representation of the Debtor's principal Adrian Modesto Torres in a pending chapter 7 debtor case.

- This dual representation is material. Although Torres' Schedule H does not disclose any co-debtors, based on testimony at Torres's chapter 7 341 meeting, he may have personally guaranteed some portion of the Debtor's debt. As no Schedules or a Statement of Financial Affairs ("SOFA") have been filed in this

case, and no amendments have been made to Torres' Schedule H, it remains unclear if Torres has personally guarantees. It also remains unclear whether the Debtor has any potential chapter 5 causes of action against Mr. Torres personally. As such, there is a potential for conflict that renders the Applicant non-disinterested.

## Facts and Procedural History

1. Metroplex Recovery, LLC ("Debtor") filed a voluntary subchapter v chapter 11 petition on September 7, 2023, in the United States Bankruptcy Court for the Northern District of Texas, commencing case no. 23-42712-MXM-11.

2. Debtor operates a mobile locksmith business.

3. Frances Smith is the Subchapter V Trustee. [docket no. 7]

4. Debtor has not filed its Schedules or its SOFA. These are due to be filed on October 5, 2023, after the deadline to object to this Application. [docket no. 29, Order Extending Time to File Schedules]

5. Adrian Modesto Torres ("Torres"), who is the Managing Member of the Debtor, signed the petition under penalty of perjury. [docket no. 1]

6. Debtor filed for chapter 11 bankruptcy because of an increase in operating expenses and a loss of employees, which required additional time to train new employees.

Torres Personal Chapter 7 Case

7. Torres filed a personal voluntary chapter 13 petition on July 6, 2023, initiating case 23-41966. [case no. 23-41966, docket no. 1]

8. Torres indicated his debts were primarily business in nature. [case no. 23-41966, docket no. 1]

9. On August 1, 2023, the case was converted to chapter 7. [case no. 23-41966, docket no. 23]

10. John Dee Spicer is the Chapter 7 Trustee ("Chapter 7 Trustee").

11. Applicant represents Torres in his chapter 7 bankruptcy case.

12. Debtor did not disclose the Torres bankruptcy in response to question no. 10 on the petition, which asks debtors whether there are "any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor." [docket no. 1].

13. On August 1, 2023, Torres filed Amended Schedules ("Torres Schedules"). [case no. 23-41966, docket no. 25]

14. The Torres Schedules reflect Torres owns 100% of the Debtor, Metroplex Recovery, LLC valued at $0 (Assets $845,935.00, Debts $3,106,635). [case no. 23-41966, Schedule A/B, docket no. 25]

15. The Torres Schedules reflect priority debts owed to the Internal Revenue Service ("IRS") in the amount of $45,913.44. [case no. 23-41966, Schedule E/F, docket no. 25]

16. Although the Torres Schedules do not reflect any co-debtors, the bulk of the unsecured debts listed on Schedule F are business debts. [case no. 23-41966, Schedules E/F, H, docket no. 25]

17. At the Torres 341 meeting on September 12, 2023, Torres agreed to review the information concerning co-debtors with Applicant and amend his personal schedules as necessary.

18. The Torres personal 341 meeting was continued to October 3, 2023, at 11:00 a.m.

19. To date, the Torres personal Schedules have not been amended.

20. To date, the Chapter 7 Trustee has not abandoned the Torres' estate's interest in the

Debtor.

Rule 2016(b) statement

21. Applicant filed a Rule 2016(b) statement with petition, which discloses the following:

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ............................................. $11,262.00
   Prior to the filing of this statement I have received ................................... $11,262.00
   Balance Due ............................................................................. $0.00

2. The source of the compensation paid to me was:
   ☑ Debtor   ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor   ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

[docket no. 1].

22. Applicant avers on the Rule 2016(b) statement that the source of funds was from the Debtor.

23. Applicant avers on the Rule 2016(b) statement that the source of compensation to be paid to him will come from Debtor.

Application to Employ

24. Applicant filed an Application seeking employment under 11 U.S.C. § 327(a). [docket no. 4].

25. The Application provides:

**Objection to Employment**  page 4 of 9

8. Pursuant to Bankruptcy Rule 2014(a), the Affidavit of Jim Morrison, is attached hereto as Exhibit A, and attests that he and the members of Lee Law Firm, PLLC do not presently hold or represent any interest adverse to the interests of the Debtor or its estate and are disinterested within the meaning of 11 U.S.C. § 101(14) to the best of their knowledge, information, and belief.

9. Lee Law Firm, PLLC has been paid a retainer of $13,000.00, which included the filing fee of $1,738.00 in connection with this proceeding, and which was paid by Metroplex Recovery, LLC through , its  and the Designated Corporate Representative of the Debtor. The Statement required to be filed pursuant to Bankruptcy Rule 2016 is on file in this proceeding.

26. Mr. Morrison also filed an affidavit in support of the Application. [docket no. 4].

27. Mr. Morrison swears to the following in his affidavit:

3. Neither I, nor any member of the Firm, is a creditor, equity security holder, or an insider of the Debtor. Neither I, nor any member of the Firm, is and have not been within two (2) years prior to the filing of the petition, a director, officer or employee of the Debtor.

4. Neither I, nor any member of the Firm, hold any interest adverse to the estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor in the above-styled bankruptcy case and in the matters upon which the Firm is to be engaged as attorney for Debtor.

5. Neither I, Lee Law Firm, PLLC, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor or its creditors, the United States Trustee, persons employed in the United States Trustee's office, or any other potential parties-in-interest herein, or their respective attorneys.

28. Neither the Application nor Mr. Morrison's affidavit disclose that Applicant represents Torres in his own personal chapter 7 bankruptcy.

29. The Application is silent as to whether the Chapter 7 Trustee of Torres' estate

consented to the hiring of Applicant.

30. The United States Trustee raised these concerns with Mr. Morrison informally over email and on September 12, 2023, Mr. Morrison agreed to supplement his Affidavit to disclose his concurrent representation of Torres and the Debtor.

31. To date, this supplement has not been filed.

32. As the Debtor has failed to file Schedules or a SOFA, it remains unclear if there are potential causes of action between the Debtor and Mr. Torres, personally.

33. According to a PACER search, Mr. Morrison has filed one prior chapter 11 case in the Northern District of Texas, Metroplex Recovery, LLC, case 23-42110-ELM-11 (dismissed August 2, 2023) and none in the Eastern District of Texas.

### Argument and Authority

Employment applications – general discussion

34. Section 327(a), made applicable in the chapter 11 context by 11 U.S.C. § 1107, provides that a debtor-in-possession may, with court approval, employ counsel or other professionals that do not hold or represent an interest adverse to the estate, and that are disinterested, in order to assist the debtor-in-possession to carry out its duties under this title.

35. An attorney employed under § 327(a) must be both disinterested and hold no interest adverse to the estate. 11 U.S.C. § 327(a). A "disinterested person…does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C).

36. The Court has broad discretion when examining fees and employment applications. *See, e.g., Arens v. Broughton (In re Prudhomme)*, 43 F.3d 1000, 1003 (5th Cir. 1995).

<u>Applicant did not disclose connections to Debtor's insiders.</u>

37. Applicant failed to disclose that it also represents Torres in his personal pending chapter 7 bankruptcy. Torres, as sole owner and Managing Member is an affiliate of Debtor as defined under 11 U.S.C. § 101(2), and an insider of the Debtors as defined under 11 U.S.C. § 101(31). The failure to disclose was material.

38. An actual conflict of interest exists when counsel represents both a debtor on a specific debt and a personal guarantor of that debt. *In re Humble Place Joint Venture,* 936 F.2d 814, 818-19 (5th Cir. 1991). As stated by the Fifth Circuit Court of Appeals in *Humble Place,* "counsel's loyalty to reorganizing the debtor's estate would be tested at every turn by the very real, continuing interest of his client…in avoiding exposure on a guarantee." 936 F.2d at 819.

39. Applicant should have disclosed its representation of Torres so that interested parties may better evaluate whether the firm is disinterested or represents an interest adverse to the debtor's estate. Given that Torres owes significant amounts to the IRS and on other business debts, it appears Torres is a co-debtor with the Debtor on its debts.

40. Applicant's non-disclosure is material and impacts the ability of Applicant to act as a fiduciary to the Debtor's estate. Given the likelihood the Torres and the Debtor are co-debtors and that the Debtor may have causes of action against Torres, separate counsel for each estate is appropriate. As the Applicant has failed to disclose its concurrent representation of Torres and the Debtor, and that non-disclosure is material, their

employment should be denied.

## Conclusion

Wherefore, premises considered, the United States Trustee requests that the Court enter an order deny Applicant's employment; in the alternative, the United States Trustee seeks any further relief as is just and proper.

Dated: September 28, 2023　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　KEVIN M EPSTEIN,
　　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE
　　　　　　　　　　　　　　　　　　　　REGION 6

　　　　　　　　　　　　　　　　　　　　*/s/ Elizabeth Ziegler Young*
　　　　　　　　　　　　　　　　　　　　Elizabeth Ziegler Young
　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24086345
　　　　　　　　　　　　　　　　　　　　(Also by New York)
　　　　　　　　　　　　　　　　　　　　Office of the United States Trustee
　　　　　　　　　　　　　　　　　　　　1100 Commerce St. Room 976
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75242
　　　　　　　　　　　　　　　　　　　　(214) 767-1247
　　　　　　　　　　　　　　　　　　　　elizabeth.a.young@usdoj.gov

## Certificate of Service

I certify that I served a copy of this filing on the parties listed below via First Class United States Mail or ECF on September 28, 2023.

　　　　　　　　　　　　　　　　　　　　*/s/ Elizabeth Ziegler Young*
　　　　　　　　　　　　　　　　　　　　Elizabeth Ziegler Young

**Metroplex Recovery, LLC**
2003 W. Arkansas Lane
Pantego, TX 76013

**James M. Morrison**
Lee Law Firm, PLLC
8701 W. Bedford Euless Rd.
Suite 510
Hurst, TX 76053

**Dawn Whalen Theiss**
1100 Commerce Street
Suite 300
Dallas, TX 75242

**Stephen Wilcox**
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006

**Frances A. Smith**
Ross, Smith & Binford, P.C.
700 N. Pearl Street
Ste 1610
Dallas, TX 75201

**Emily S. Wall**
Cavazos Hendricks Poirot, P.C.
900 Jackson Street, Suite 570
Dallas, TX 75202

**John Kendrick Turner**
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207