United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Elizabeth Ziegler Young
for the United States Trustee
elizabeth.a.young@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | | |
|---|---|---|---|
| **IN RE:** | § | | |
| | § | | |
| **Metroplex Recovery, LLC,** | § | Case No. | 23-42712-MXM-11 |
| | § | | |
| | § | Hearing: | To be set |
| **Debtor-in-Possession.** | § | | |

**United States Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b)**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. § 1112(b). The United States Trustee would show:

**Summary**

Cause exists to dismiss this case because the Debtor has 1) failed to provide proof of insurance on any of its vehicles, despite operating a mobile locksmith business, 2) failed to comply with additional administrative requirements including filing monthly operating reports, and opening a debtor in possession bank account and 3) failed to comply with the Court's Scheduling Order Regarding Subchapter V Case by failing to remit $1,000 to the Subchapter V Trustee and file the Debtor's § 1188(c) Report by the October 18, 2023, deadline. The failure of the Debtor to meet these basic requirements of chapter 11 is cause for dismissal.

**Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A),(O).

**Factual and Procedural History**

1. Metroplex Recovery, LLC ("Debtor") filed a voluntary subchapter v chapter 11 petition on September 7, 2023, in the United States Bankruptcy Court for the Northern District of Texas, commencing case no. 23-42712-MXM-11.

2. Debtor operates a mobile locksmith business.

3. Frances Smith is the Subchapter V Trustee ("Trustee"). [docket no. 7]

4. Adrian Modesto Torres ("Torres"), who is the Managing Member of the Debtor, signed the petition under penalty of perjury. [docket no. 1]

5. Debtor filed for chapter 11 bankruptcy because of an increase in operating expenses and a loss of employees, which required additional time to train new employees.

6. On September 11, 2023, the Court issued its Scheduling Order and Notice of Status Conference ("Scheduling Order"). [docket no. 6]

7. The Scheduling Order provides that the Debtor shall:

> 6. *Debtor's § 1188(c) Report*. The Debtor must file with the Court and serve on the Subchapter V trustee and all parties in interest the pre-status conference report required under § 1188(c) of the Bankruptcy Code no later than October 18, 2023. The Debtor's report shall include, at a minimum, a description of the Debtor's business and operations, the Debtor's efforts to formulate a Chapter 11 plan of reorganization and the Debtor's efforts to communicate with creditors regarding any such plan.

8. The Scheduling Order further provides that the Debtor shall:

> 8. *Interim Trustee Compensation*. Within 30 days of the petition date and continuing monthly thereafter, Debtor shall remit to the Subchapter V trustee interim compensation in the amount of $1,000. The amount of interim compensation is subject to adjustment by the Court, after notice and hearing upon request of any interested party, and subject to final approval by the Court under 11 U.S.C. § 330. Debtor shall include this interim compensation in any proposed cash collateral budget.

9. To date, the Debtor has failed to file the Debtor's § 1188(c) Report.

10. Upon information and belief, although the Debtor remitted a check for $1,000.00 to the Trustee, it was returned for insufficient funds.

11. To date, the Debtor has failed to make any additional payments to the Trustee per the terms of the Scheduling Order.

12. On September 8, 2023, the Debtor filed its Application to Employ Lee Law Firm, PLLC as attorney under § 327(a). [docket no. 4]

13. On September 28, 2023, the United States Trustee objected to the Lee Law Firm's employment as their Application failed to disclose the firm also represented Torres in his personal, pending chapter 7 case, case no. 23-41966. [docket no 31]

14. To date, the Application has not been amended to make this disclosure and it has not been set for hearing.

Assets and liabilities

15. The Debtor's Schedules and Statement of Financial Affairs are signed by Torres. [dockets nos. 35 and 36].

16. The Debtor's assets total $602,121.00 and include the following:

    a) Office and Locksmith equipment valued at $60,100.00;

    b) A square account with $3,300.00;

    c) Two bank accounts at Chase with a total of $14,671.00; and

    d) Keys valued at $170,000.00

[docket no. 35].

17. The Debtor also owns the following vehicles ("Vehicles"):

| 47. | Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles | | | |
|---|---|---|---|---|
| 47.1 | 2021 Mercedes-Benz Metris / VIN: W1YV0BEYXM3861234 | $28,597.00 | KBB | $28,597.00 |
| 47.2 | 2019 Ford Transit Connect / VIN: NM0LS7F20K1392366 | unknown | | $15,040.00 |
| 47.3 | 2019 Ford Transit / VIN: NM0LS7F2XK1397395 | unknown | | $14,862.00 |
| 47.4 | 2021 Mercedes-Benz Metris / VIN: W1YV0BEY6M3861652 | unknown | | $24,377.00 |
| 47.5 | 2022 Mercedes-Benz Metris / VIN: W1Y40BHY3N1082699 | unknown | | $43,203.00 |
| 47.6 | 2021 Mercedes-Benz Metris / VIN: W1YV0BEY3M3846204 | unknown | | $29,545.00 |
| 47.7 | 2022 Mercedes-Benz Metris / VIN: W1YV0CEYXN3963740 | unknown | | $39,623.00 |
| 47.8 | 2022 Mercedes-Benz Metris / VIN: W1YV0BEY6N3967701 | unknown | | $39,259.00 |
| 47.9 | 2021 Mercedes-Benz Metris / VIN: W1YV0CEY8M3856801 | unknown | | $30,745.00 |
| 47.10 | 2018 Mercedes-Benz Sprinter / VIN: WD3PE7CD2JP591328 | unknown | | $24,884.00 |
| 47.11 | 2020 Ford Transit Connect / VIN: NM0LS7E27L1455014 Debtor holds bare legal title only. Joshua Verduzco holds equitable title by making all the payments and maintaining possession pursuant to a bill of sale. Current FMV is believed to be $19,951.00 | unknown | | $0.00 |
| 47.12 | 2022 Mercedes-Benz Metris / VIN: W1YV0BEY8M3855402 May be subject to transfer in Torres divorce decree. | unknown | | $25,000.00 |
| 47.13 | 2022 Mercedes-Benz Metris / VIN: W1YV0CEY4N4118053 May be subject to transfer in Torres divorce decree. | unknown | | $29,000.00 |

[docket no. 35]

18.  The Debtor has $2,928,561.78 in secured claims; $39,461.57 in priority unsecured claims; and $236,204.00 in general unsecured claims. [docket no. 35].

Debtor's Failure to Comply with Administrative Requirements

19.  The Debtor attended its initial debtor interview scheduled on September 22, 2023.

20.  The Debtor has failed to provide a signed copy of the *Obligations of Chapter 11 Cases Acknowledgement of Receipt* to the United States Trustee.

21.  The *Guidelines for Chapter 11 Cases* provides for the following:

> 5. As outlined in Section VII, I will add the U.S. Trustee as a notified party on my insurance policies, maintain appropriate insurance coverage, and provide the U.S. Trustee's office with updated declaration pages when policies are renewed.

22.  The Debtor has failed to provide proof of insurance on any of the Vehicles.

23.  The Debtor has failed to provide any information evidencing the opening and use of a

Debtor in Possession bank account.

24. The Debtor has failed to provide its last two tax returns to the United States Trustee.

25. The Debtor's monthly operating report for September 2023, was due on October 21, 2023.

26. To date, the September 2023 MOR remains unfiled.

## Legal Analysis

<u>General discussion of burdens when dismissal is sought</u>

27. Under section 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1). Section 1112 applies to cases filed under subchapter v of the bankruptcy code. 11 U.S.C. §1181.

<u>Failure to Maintain Adequate Insurance</u>

28. Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Supreme Court has held that the estate may be liable for any damages resulting from a receiver's negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968). While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act. *See, e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998)(bankruptcy estate liable for costs state incurred when trustee did not plug wells).

29. Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. §

1112(b).

Local Bankruptcy Rule 2020-1.

30. The United States Trustee's *Guidelines for Chapter 11 Cases Northern & Eastern Districts of Texas Region VI* ("*Guidelines*")[1] requires debtors to maintain appropriate insurance. *Guidelines* § VII.

31. The Debtor has failed to provide auto insurance on the Vehicles. It is unclear if the Debtor has auto insurance. The failure to either provide proof of insurance or maintain insurance is especially concerning given that the Debtor is operating a mobile locksmith business that requires employees to drive across the metroplex to perform services. Any accident, damage, theft or vandalism will result in significant loss to the estates. Cause exists for dismissal.

**Failure to Cooperate with the United States Trustee**

32. Cause exists for dismissal when a debtor fails to satisfy timely any reporting requirements or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F), (H).

33. The United States Trustee's *Guidelines* also require debtors to file monthly operating reports, open a Debtor in Possession bank account and provide the last two years of tax returns.

34. The Debtor has failed to file monthly operating reports for September 2023, provide evidence of opening a debtor in possession bank account, and provide the last two years of tax returns. These facts constitute cause for dismissal or conversion of this bankruptcy case under 11 U.S.C. § 1112(b)(4)(H). *See also* Local Bankr. R. 2010-1 ("[f]ailure to comply with the requirements of [UST] guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b)").

---

[1] The *Guidelines* may be accessed at https://www.justice.gov/ust-regions-r06/file/chapter11guidelines.pdf/download

35. Debtor's pattern of conduct indicates it will be unable to successfully propose and consummate a plan as it is unable to comply with basic administrative requirements, including information requested by the United States Trustee. This constitutes cause for dismissal. Debtor has not filed an operating report for September 2023. It also failed to timely file its § 1188(c) status report, which would also have provided information on the Debtor's current operations. By failing to provide this information, no interested party will be able to evaluate whether the Debtor has income which can be used to fund a plan. In addition, the Debtor has failed to provide evidence it has opened and is using a Debtor in Possession bank account as required. Given several recent bank failures, ensuring funds are protected is vital to the estate in the event of a bank default. Moreover, a debtor is required to provide this information to the United States Trustee under the UST Guidelines and the failure to do so is also cause for conversion or dismissal.

**Failure to Comply with Court Order**

36. Cause exists for dismissal when a debtor failed to comply with an order of the court. 11 U.S.C. § 1112(b)(4)(E).

37. The Debtor failed to comply with the Scheduling Order by failing to file its § 1188(c) Report and remit funds to the Trustee. If the Debtor is unable to comply with a Scheduling Order within the first month of the case, it does not appear likely the Debtor will be able to comply with the terms of a confirmation order. As such, cause exists to dismiss this case.

**Conversion not in best interests of creditors and the estate**

38. Given that the Debtor's vehicles may be uninsured and represent a potential liability to the estate, conversion to chapter 7 would not be in the best interests of creditors or the estate.

**Conclusion**

Wherefore, the United States Trustee respectfully requests that the Court dismiss this case. The United States Trustee further requests any further proper relief.

DATED: October 27, 2023

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

/s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young
Trial Attorney
Texas State Bar No. 24086345 (Also by New York)
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967 x 1247
elizabeth.a.young@usdoj.gov

CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 no conference is required before the filing of this Motion.

/s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young

CERTIFICATE OF SERVICE

I certify that I sent copy of the foregoing document via ECF or via first class United States mail on October 27, 2023, to the following:

/s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young

**James M. Morrison**
Lee Law Firm, PLLC
8701 W. Bedford Euless Rd.
Suite 510
Hurst, TX 76053

**Stephen Wilcox**
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006

**Metroplex Recovery, LLC**
2003 W. Arkansas Lane
Pantego, TX 76013

**Dawn Whalen Theiss**
1100 Commerce Street
Suite 300
Dallas, TX 75242

**UST Motion to Dismiss Page 8**

**Frances A. Smith**
Ross, Smith & Binford, P.C.
700 N. Pearl Street
Ste 1610
Dallas, TX 75201

**Emily S. Wall**
Cavazos Hendricks Poirot, P.C.
900 Jackson Street, Suite 570
Dallas, TX 75202

**John Kendrick Turner**
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207